Edward J. Maney, Trustee
P.O. Box 10434
Phoenix, Arizona 85064
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re: ) CHAPTER 13 PROCEEDINGS
)
    BENNIE MOYA JR., ) CASE NO. B-09-08532-PHX-CGC
    JEANETTE PORRAS MOYA, )
) TRUSTEE'S EVALUATION AND
) RECOMMENDATION(S) REPORT WITH
) NOTICE OF POTENTIAL DISMISSAL IF
) CONDITIONS ARE NOT SATISFIED
)
) RE: CHAPTER 13 PLAN
                  (Debtor(s)    )

Edward J. Maney, Trustee, has analyzed the Debtors' Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

f. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

g. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

**Specific Recommendations:**

1. The Plan proposes payment of a secured claim to Chase Mortgage [first mortgage] who has filed no secured proof of claim. The Trustee requires that the Debtor(s) provide verification of the creditor(s)' security interest by providing him with a copy of the security documents, such as a security agreement, UCC-1, title, deed of trust or the like. Moreover, the Trustee requires that the Order Confirming Plan provides language as follows: "The Trustee has authority to pay on the secured debt owed to Chase Mortgage even though the creditor has filed no secured proof of claim, but the Plan and this Order are not to be considered an informal proof of claim for any creditor." If the security interest cannot be verified by the Debtor(s), then the Debtor(s) may delete the proposed treatment in a proposed Order Confirming Plan <u>after</u> filing a motion and providing 25 days' notice to the creditor of the intent to delete the proposed secured treatment from the Plan.

2. The Proofs of Claim filed by the Arizona Department of Revenue (2003), the IRS (2006), Select Portfolio/U.S. Bank [2nd mortgage] and CitiFinancial [3rd mortgage] differ substantially by classification and/or amount from these creditors' treatment under the Plan. To resolve this discrepancy, the Trustee requires either; a) Debtor object to the Proof of Claim; b) the creditor sign-off on an Order Confirming; c) the Order Confirming be altered to pay the creditor pursuant to the Proof of Claim; or d) Debtor file an Amended Plan to provide for the creditor's claim as shown by the Proof of Claim.

3. IRS' proof of claim dated June 24, 2009 indicated Debtor has not filed income tax returns for 2008. The Trustee requires Debtor to immediately prepare and file all unfiled tax returns. **Failure to file said returns or the required Affidavit within 30 days from the date of this Trustee's Recommendation and providing a stamped copy of said returns may result in the Trustee lodging an Order automatically dismissing Debtor's case.**

4. U.S. Bank (Select Portfolio) has filed an objection to the Plan. The Trustee requires the objection to be resolved prior to confirmation of the Plan.

5. Arizona Department of Revenue's Proof of Claim dated April 30, 2009 indicates Debtor has not filed income tax returns for 2008. The Trustee requires Debtor to immediately prepare and file all unfiled tax returns. **Failure to file said returns or the required Affidavit within 30 days from the date of this Trustee's Recommendation and providing a stamped copy of said returns may result in the Trustee lodging an Order automatically dismissing Debtor's case.**

Case No.#09-08532-PHX-CGC
Page #3

6. Considering items #2, #3, #4 and #5 above, the Trustee's analysis reveals a $8,176 funding shortfall, which must be cured before the Plan can be confirmed.

7. The Trustee requires the current status of the employment of Bennie Moya.

8. The Trustee requires copies of Jeanette Moya's two most recent consecutive paycheck stubs from each employer for verification of income and deductions.

In summary, Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement will be met given debtors' scheduled zero equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve items #3, #5, #6, #7, #8 above and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Dated: [see electronic signature]

                                                  Edward J. Maney, Trustee

Copies of the forgoing
Mailed on [see electronic signature],
to the following:

Bennie Moya
Jeanette Moya
3644 W. Ocotillo Rd.
Phoenix, AZ 85019
Debtors

Joseph W. Charles, Esq.
P.O. Box 1737
Glendale, Arizona 85311
Debtors' counsel

By:_____
Trustee's Clerk